**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SARAH MINOR,<br><br>   Plaintiff,<br><br> v.<br><br>ANDREW SAUL, COMMISSIONER OF SOCIAL SECURITY,<br><br>   Defendant. | Case No. 2:19-cv-13171 (BRM)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

  Before this Court is Sarah Minor's ("Minor") appeal from the final decision of the Commissioner of Social Security ("Commissioner"),[1] denying her application for Social Security Disability Benefits. Having reviewed the administrative record and the submissions filed in connection with the appeal pursuant to Local Civil Rule 9.1, and having declined to hold oral argument pursuant to Federal Civil Rule 78(b), for the reasons set forth below and for good cause shown, the Commissioner's decision is **AFFIRMED**.

**I. BACKGROUND**

  On June 19, 2015, Minor filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income. (Tr. 183–196.) The alleged onset date ("Onset Date") is January 24, 2014. (Tr. 213, 217, 241, 270.) Minor alleged

---

[1] Upon the Appeals Council's Order denying Minor's request for a review of the Administrative Law Judge's ("ALJ") decision, the ALJ's decision became the final decision of the Commissioner. (Tr. 1.)

disability due to deep vein thrombosis in her right leg (specifically, her calf), menorrhagia (secondary to fibroids), anemia (secondary to menorrhagia), HIV, and obesity. (Tr. 217, 256, 259, 282–83, 481, 530, 641.)

On August 19, 2015, the Social Security Administration ("SSA") issued a Notice of Disapproved Claim to Minor, informing her that her claim for Social Security and Supplemental Security Income (SSI) disability benefits had been denied. (Tr. 109–14.) On December 7, 2015, Minor filed a Request for Reconsideration of the SSA's denial of her claim for benefits. (Tr. 116.) On April 1, 2016, Minor's Request for Reconsideration was denied. (Tr. 119–24.) On May 11, 2016, Minor timely requested a hearing for benefits before an Administrative Law Judge ("ALJ") (Tr. 126–28), which was ultimately held on November 13, 2017, before ALJ Kenneth Ayers. (Tr. 28–62).

On January 26, 2018, ALJ Ayers issued a decision determining that Minor was not disabled, as defined by the Social Security Act, at any time from the Onset Date through the date of ALJ Ayers' decision, pursuant to 20 C.F.R. § 404.1520(g) and § 416.920(g). (Tr. 16-26.) Specifically, the ALJ found Minor had two severe impairments – deep vein thrombosis and lower extremity edema– but that her severe impairments did not meet or medically equal the severity of an impairment listed in 20 C.F.R. § Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (Tr. 18-19.) The ALJ further concluded that Minor had the residual functional capacity ("RFC") to perform the requirements of representative light, unskilled, SVP 2 occupations. (Tr. 22.) Ultimately, the ALJ concluded that, considering Minor's age, experience, and RFC, there were "jobs that exist in significant numbers in the national economy that [Minor] can perform." (Tr. 21–22.)

On March 22, 2018, Minor timely filed a Request for Review of the ALJ's decision to the

Appeals Council. (Tr. 181.) On April 8, 2019, the Appeals Council denied Minor's Request for Review, thereby becoming the final agency decision. (Tr. 1-5.) Therefore, having exhausted her administrative remedies, Minor appealed to this Court on May 31, 2019. (ECF No. 1.)

## II.   STANDARD OF REVIEW

On a review of a final decision of the Commissioner of the Social Security Administration, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *see Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). The Commissioner's decisions regarding questions of fact are deemed conclusive by a reviewing court if supported by "substantial evidence in the record." 42 U.S.C. § 405(g); *see Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). This Court must affirm an ALJ's decision if it is supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). To determine whether an ALJ's decision is supported by substantial evidence, this Court must review the evidence in its totality. *Daring v. Heckler*, 727 F.2d 64, 70 (3d Cir. 1984). However, this Court may not "weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992) (citation omitted). Accordingly, this Court may not set an ALJ's decision aside, "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citations omitted).

**III.     THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS**

Under the Social Security Act, the Social Security Administration is authorized to pay Social Security Insurance to "disabled" persons. 42 U.S.C. § 1382(a). A person is "disabled" if "he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A person is unable to engage in substantial gainful activity when his physical or mental impairments are "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations promulgated under the Social Security Act establish a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 416 .920(a)(1). First, the ALJ determines whether the claimant has shown that he or she is not currently engaged in "substantial gainful activity." *Id.* §§ 404.1520(b), 416.920(b); *see Bowen v. Yuckert*, 482 U.S. 137, 146–47 n.5 (1987). If a claimant is presently engaged in any form of substantial gainful activity, he or she is automatically denied disability benefits. *See* 20 C.F.R. § 404.1520(b); *see also Bowen*, 482 U.S. at 140. Second, the ALJ determines whether the claimant has demonstrated a "severe impairment" or "combination of impairments" that significantly limits his physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c); *see Bowen*, 482 U.S. at 146–47 n.5. Basic work activities are defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b). These activities include physical functions such as "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling." *Id.* A claimant who does not have a severe

4

impairment is not considered disabled. *Id.* at § 404.1520(c); *see Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999).

Third, if the impairment is found to be severe, the ALJ then determines whether the impairment meets or is equal to the impairments listed in 20 C.F.R. § Pt. 404, Subpt. P., App. 1 (the "Impairment List"). 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant demonstrates that his or her impairments are equal in severity to, or meet those on the Impairment List, the claimant has satisfied his or her burden of proof and is automatically entitled to benefits. *See id.* at §§ 404.1520(d), 416.920(d); *see also Bowen*, 482 U.S. at 146–47 n.5. If the specific impairment is not listed, the ALJ will consider in his or her decision the impairment that most closely satisfies those listed for purposes of deciding whether the impairment is medically equivalent. *See* 20 C.F.R. § 404.1526(a). If there is more than one impairment, the ALJ then must consider whether the combination of impairments is equal to any listed impairment. *Id.* An impairment or combination of impairments is basically equivalent to a listed impairment if there are medical findings equal in severity to all the criteria for the one most similar. *Williams*, 970 F.2d at 1186.

If the claimant is not conclusively disabled under the criteria set forth in the Impairment List, step three is not satisfied, and the claimant must prove at step four whether he or she retains the RFC to perform his or her past relevant work. 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f); *Bowen*, 482 U.S. at 141. Step four involves three sub-steps:

> (1) the ALJ must make specific findings of fact as to the claimant's [RFC]; (2) the ALJ must make findings of the physical and mental demands of the claimant's past relevant work; and (3) the ALJ must compare the [RFC] to the past relevant work to determine whether claimant has the level of capability needed to perform the past relevant work.

*Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 120 (3d Cir. 2000) (citations omitted). When determining RFC, "[a]n ALJ may reject a treating physician's opinion outright only on the basis

of contradictory medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided." *Hoyman v. Colvin*, 606 F. App'x 678, 679–80 (3d Cir. 2015) (quoting *Plummer*, 186 F.3d at 429). Unsupported diagnoses are not entitled to great weight. *Jones v. Sullivan*, 954 F.2d 125, 129 (3d Cir. 1991). Moreover, an administrative law judge must provide the reason for providing more or less weight to the evidence. *See Fragnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001).

The claimant is not disabled if his RFC allows him to perform his past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). However, if the claimant's RFC prevents him from doing so, an administrative law judge proceeds to the fifth and final step of the process. *Id.* The final step requires the administrative law judge to "show [that] there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and [RFC]." *Plummer*, 186 F.3d at 428. In doing so, "[t]he ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether she is capable of performing work and is not disabled." *Id.* (citation omitted). Notably, an administrative law judge typically seeks the assistance of a vocational expert at this final step. *Id.* (citation omitted).

The claimant bears the burden of proof for steps one, two, and four. *Sykes v. Apfel*, 228 F.3d 259, 263 (3d Cir. 2000). Neither side bears the burden of proof for step three "[b]ecause step three involves a conclusive presumption based on the listings." *Id.* at 263 n.2 (citing *Bowen*, 482 U.S. at 146–47 n.5). An administrative law judge bears the burden of proof for the fifth step. *See id.* at 263.

### IV.   DECISION

Minor argues (1) the ALJ erred by failing to factor in Minor's obesity into the administrative decision and (2) the RFC was not based on substantial evidence because neither plaintiff's symptomatology nor the opinions of her treating physicians are accepted. (ECF No. 18 at 11–36.) Accordingly, Minor requests a reversal of the Commissioner's final decision or, in the alternative, Minor requests the Court to remand the Commissioner's decision and order a new hearing and decision. (*Id.* at 9.) The Commissioner argues there is substantial evidence supporting the ALJ's evaluation of Minor's obesity, the RFC assessment for a limited range of light work, and the ALJ's evaluation of the medical source opinions. (ECF No. 19 at 8–21.) This Court addresses each of Minor's arguments in turn.

#### A.   The ALJ's Evaluation of Minor's Obesity

Minor asserts that while the ALJ considered the effects of her obesity "and concluded that it did not satisfy a listed impairment, that conclusion effectively terminates any consideration of obesity in combination with other impairments in the calculation of plaintiff's ability to sustain a 40 hour workweek." (ECF No. 18 at 17.) Relatedly, Minor argues the ALJ's decision "sheds no light on *how* the ALJ considered obesity or, for that matter, on *what* conclusions the ALJ ultimately reached concerning the impact of Plaintiff's obesity." (*Id.* at 18.) Minor notes "obesity [was] found not severe at step 2, 'considered' but not discussed at step 3 and totally ignored without mention in the balance of the decision." (*Id.*) The Commissioner emphasizes "the claimant bears the burden of proving she has a severe impairment at step two" and asserts "the ALJ discussed [Minor's] weight but explained that her obesity was non-severe due to the lack of persistent symptoms resulting in functional limitations." (ECF No. 19 at 9–10.) Additionally, the Commissioner argues

7

the ALJ was not required to repeat the analysis from step two at step three "after finding there were no records documenting functional limitations resulting from obesity." (*Id.* at 11.)

At step two of the sequential evaluation process, the ALJ is required to consider whether the claimant has a severe medically determinable impairment that meets the 12-month durational requirement of the Act. 20 C.F.R. § 404.1520(a)(4)(ii). A "severe" impairment is one that significantly limits a claimant's physical or mental ability to perform basic work functions. 20 C.F.R. § 404.1520(c). SSR 96-3p provides further explanation of what is required of the ALJ, stating in pertinent part:

> [I]f [an] adjudicator finds [that the claimant's conditions or symptoms] cause a limitation or restriction having more than a minimal effect on an individual's ability to do basic work activities, the adjudicator must find that the impairment(s) is severe and proceed to the next step in the process even if the objective medical evidence would not in itself establish that the impairment(s) is severe. In addition, if, after completing development and considering all of the evidence, the adjudicator is unable to determine clearly the effect of the impairment on the individual's ability to do basic work activities, the adjudicator must continue to follow the sequential evaluation process until a determination or decision about disability can be reached.

SSR 96-3p, 1996 WL 374181, at *2 (July 2, 1996).

Minor's principal argument is the ALJ failed to adequately address her obesity as an impairment. Minor notes the ALJ stated he "considered the effects of the claimant's weight on her other body systems when reviewing the listed impairments" and found "no evidence indicating that she experiences signs or symptoms at listing-level severity for any impairment, either alone or in combination with her weight." (ECF No. 18 at 17.) Outside of this reference to obesity, Minor argues her obesity is "never again mentioned in the decision, plays absolutely no articulated part in the decision of plaintiff's RFC, alone or in conjunction with her other severe and not severe impairments, and the ALJ's 'consideration' never materializes in the printed decision." (*Id.*)

8

The ALJ's decision that Minor's obesity is non-severe is supported by various portions of the record. During the RFC analysis, the ALJ found, based on Minor's physical examination, Minor had normal strength, range of motion, gait, sensation, and neurological signs. (Tr. 20, 423, 425, 427, 430, 505, 507, 641, 647, 650.) This is consistent with the ALJ's conclusion that obesity did not create functional limitations. The ALJ noted Minor "is obese with a body mass index of 34.9" and her doctor "urged her to exercise daily, control her diet, and lost weight." (Tr. 18, 642, 645.) The doctor's recommendations that Minor exercise daily support the ALJ's finding that Minor's obesity was not severe. Additionally, the reviewing physicians were aware of Plaintiff's body mass index and still concluded Minor could perform a limited range of light work. (Tr. 69–70; 89–91.) Therefore, while the ALJ may have only specifically referred to Minor's obesity once or twice, he fully considered the impacts Minor's body-mass index and weight had on her ability to perform work and provided a reasonable basis for finding Minor did not suffer additional functional limitations because of her weight.

Additionally, Minor argues her other impairments—HIV, anemia, secondary to large uterine fibroids causing severe menorrhagia—combine to produce "tiredness and fatigue." (ECF No. 18 at 16–17.) Minor testified to suffering from fatigue related to anemia (Tr. 34, 46), which the ALJ noted (Tr. 19), but Minor does not argue she testified suffering from obesity-related fatigue. Even if Minor had testified to suffering from fatigue from her obesity, this support would be insufficient on its own. 42 U.S.C. § 423(d)(5)(a) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section"); 20 C.F.R. § 404.1529(a) (noting "statements about your pain or other symptoms will not alone establish that you are disabled. There must be objective medical evidence from an acceptable medical source that shows you have a medical impairment . . . ."); 20 C.F.R. § 416.929(a) (same).

9

In order to justify remand, Minor must explain "how [her] obesity impacts [her] functioning or ability to work or identif[y] medical evidence of the same." *Cosme v. Comm'r of Soc. Sec.*, Civ. A. No. 18-01327, 2020 WL 2079284, at *4 (D.N.J. Apr. 30, 2020), *aff'd sub nom. Cosme v. Comm'r Soc. Sec.*, Civ. A. No. 20-2341, 2021 WL 776725 (3d Cir. Mar. 1, 2021). Minor has simply not demonstrated how her obesity affected her ability to perform work. *Orta v. Comm'r of Soc. Sec.*, Civ. A. No. 2:15-6061, 2016 WL 6304437, at *4 (D.N.J. Oct. 25, 2016) (noting that "Defendant correctly argues Plaintiff must provide specific medical evidence indicating how Plaintiff's obesity affects his work-related limitations"). Even if the ALJ had not mentioned obesity at all in his opinion, remand would be unwarranted since Minor has not specified how her weight impaired her ability to work, especially since the ALJ "relied on physicians who were aware of the plaintiff's weight and height." *Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005). Because the ALJ meaningfully considered the effect of Minor's obesity by relying on the impact of her obesity on her ability to perform work and because Minor has not demonstrated how her obesity otherwise limits her functionality, remand is not proper on this basis.

### B.     Whether the RFC Is Based On Substantial Evidence

Minor argues the RFC is not supported by substantial evidence "but rather by the preference of non-examining DDS review consultants who didn't have all the evidence over the findings and opinions of the treating physician." (ECF No. 18 at 36.) The Commissioner argues (1) normal examination findings and resolved medical issued support the ALJ's finding that Minor can perform a limited range of light work and (2) substantial evidence supports the ALJ's evaluation of the medical source opinions. (ECF No. 19 at 14–21.)

In making a determination, the ALJ considers the limitation(s) caused by an impairment(s), not the mere presence of an impairment. *See* 20 C.F.R. §§ 404.1521, 416.921. A claimant must

provide evidence showing how their impairment affects their functioning to establish disability. *See Raglin v. Massanari*, 39 F. App'x 777, 779 (3d Cir. 2002).

Regarding Minor's RFC, the ALJ found:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently. She can sit for six hours in an eight-hour workday and can stand and/or walk for four hours in an eight-hour workday. She can push and pull as much weight as she can lift and carry. She can occasionally operate foot controls with the right foot. The claimant can climb ramps and stairs occasionally, but can never climb ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, crouch, and craw. The claimant can never work at unprotected heights.

(Tr. 19.) The Commissioner's vocational expert testified certain circumstances, like being off-task for 15% of the time, taking an extra 15-minute break at one-time for any reason, being absent from work more than once per month, and needing to elevate one or both legs during half of the workday, would preclude work. (Tr. 57–59.) From this, Minor argues "the ultimate rejection of the reasonable context and extent of plaintiff's testimonial complaints can be reasonably asserted to constitute an outcome-changing conclusion." (ECF No. 18 at 24.) Finally, Minor argues the ALJ improperly chose to give little weight to her treating physician and the ALJ's narrative discussion was not supported by substantial evidence. (ECF No. 18 at 30–31; 35–36.)

An ALJ's analysis of the RFC "must include a narrative discussion describing how the evidence supports each conclusion." *Harris v. Comm'r of Soc. Sec.*, Civ. A. No. 09-3219, 2010 WL 2874352, at *6 (D.N.J. July 19, 2010); *see also* Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims, SSR 96-8P (S.S.A. July 2, 1996). The RFC assessment must also "be accompanied by a clear and satisfactory explanation of the basis on which it rests." *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). "It is only necessary to 'articulate how the evidence in the record supports the RFC determination, discuss the claimant's ability to perform sustained

11

work-related activities, and explain the resolution of any inconsistencies in the record.'" *Hernandez-Flores v. Comm'r of Soc. Sec.*, Civ. A. No. 13-4738, 2015 WL 4064669, at *6 (D.N.J. July 1, 2015) (citing *Bencivengo v. Comm'r*, 251 F.3d 153 (Table), 00-1995, slip op. at 4–5 (3d Cir. Dec. 19, 2000)).

In determining Minor's RFC, the ALJ found Minor "does have an underlying medically determinable impairment that could reasonably cause some symptomatology." (Tr. 20.) However, the ALJ also noted "a careful review of the record does not document sufficient objective medical evidence to substantiate the severity of the pain and degree of functional limitations alleged by the claimant." (*Id.*) The opinion included a description of all of Minor's alleged disabilities, including a series of medical sources provided by Minor's physician. (*Id.*) However, while the ALJ considered statements from Minor's physician opining that Minor could not work, the ALJ gave them "little weight because they [were] not consistent with the treatment records documenting normal physical examination findings." (*Id.*) The ALJ also considered "the opinions of the state agency medical consultants and gave them significant weight" because they were "generally consistent with the nature and frequency of the claimant's treatment and documented symptoms." (*Id.* at 21.) The ALJ described how the evidence supported this finding, discussed Minor's ability to perform work-related activities—such as standing or walking for four hours during an eight-hour workday and sitting for six hours during an eight-hour workday (Tr. 19, 21), and resolved inconsistencies in the record in favor of finding Minor could perform a limited range of light work (Tr. 19–21). As such, remand is not proper on this basis. *See Hernandez-Flores*, 2015 WL 4064669, at *6.

Minor cites *Nazario v. Commissioner*, 794 F. App'x 204 (3d Cir. 2019), to argue the ALJ's "preference of non-examining DDS review consultants who didn't have all the evidence over the

findings and opinions of the treating physician" has been "specifically rejected by the Third Circuit." (ECF No. 18 at 36 (citing *Nazario*, 794 F. App'x at 208-12).) In *Nazario*, "the District Court ruled that the ALJ was justified in according less weight to Nazario's treating team because the ALJ's decision was supported by other record evidence and because the June 2013 Hammond RFC and the June 2014 Aramide RFC were both check-box reports." 794 F. App'x 204, 208 (3d Cir. 2019). The Third Circuit found the ALJ's decision was not supported by substantial evidence for several reasons and reversed the District Court's ruling. *Id.* at 208–12. The Third Circuit found the ALJ's decision "failed to address" a "substantial amount of highly probative, contradictory evidence from Nazario's treatment team" that existed in the record. *Id.* at 209. The ALJ's failure to address this evidence, according to the Court, "suffic[ed] to show that [the ALJ's] decision to reject the opinions of Nazario's treatment team did not satisfy the substantial evidence standard." *Id.* at 210.

Here, the ALJ did not fail to address the evidence proffered by Minor's treating physician. (Tr. 20–21.) The ALJ noted:

> The claimant's physician provided a series of medical source statements in connection with a county and municipal welfare application at Exhibit 14F. The doctor indicated in one statement that the claimant is 'unable to work because of multiple problems' and that she is unable to stand long due to heavy bleeding (Exhibit 14F/1). That opinion, dated December 6, 2016, indicated that the claimant could return to work on December 6, 2017. In an earlier statement, dated September 17, 2015, the doctor opined that the claimant would be unable to work until November 1, 2016 due to menorrhagia (Exhibit 14F/4). These statements were considered but given little weight because they are not consistent with the treatment records documenting normal physical examination findings.

(Tr. 20.) While there is contrary evidence from Minor's treating physician, "the ALJ is entitled to weigh all evidence in making its finding." *Brown v. Astrue*, 649 F.3d 193, 196 (3d Cir. 2011) (citing *Kertesz v. Crescent Hills Coal Co.*, 788 F.2d 158, 163 (3d Cir. 1986)). And when "the

13

opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit but 'cannot reject evidence for no reason.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (citing *Plummer*, 186. F.3d at 429). The ALJ did not reject evidence from Minor's treating physician "for no reason"—he simply afforded that evidence less weight because it was inconsistent with the rest of the record. (Tr. 20.) Therefore, the ALJ correctly determined the opinions of Minor's treating physicians were not controlling. Accordingly, the ALJ's decision and Commissioner's denial of review of that decision are **AFFIRMED**.

**V.    CONCLUSION**

For the reasons set forth above, the Commissioner's decision is **AFFIRMED**.

**Date:** March 31, 2021                                                       */s/ Brian R. Martinotti*
                                                                              **HON. BRIAN R. MARTINOTTI**
                                                                              **UNITED STATES DISTRICT JUDGE**